UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DENISE STOKES,                                                                    Plaintiff,

v.                                                          Civil Action No. 3:22-cv-112-DJH-CHL

FAURECIA EMISSIONS CONTROL
SYSTEMS NA, LLC,                                                              Defendant.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Denise Stokes sued her former employer, Defendant Faurecia Emissions Control Systems NA, LLC, in state court, alleging sexual harassment and unlawful retaliation under Kentucky law. (Docket No. 1-1, PageID.11–13) Faurecia removed the case to this Court on the basis of diversity jurisdiction (D.N. 1, PageID.2–5), and Stokes now moves for remand. (D.N. 7) In support of her motion, Stokes offers a stipulation that the amount in controversy is below the jurisdictional threshold. (D.N. 7-1) Faurecia does not oppose remand in light of this stipulation. (*See* D.N. 8) As explained below, however, binding Sixth Circuit precedent provides that a post-removal stipulation does not strip the Court of subject-matter jurisdiction over a properly removed case. The motion to remand will therefore be denied.

## I.

According to Stokes's state-court complaint, she worked for Faurecia from October 2012 to November 2020. (D.N. 1-1, PageID.12) She alleges that she was sexually harassed during that time and that she was terminated "[s]oon after" she complained about the harassment to Faurecia's human-resources manager. (*Id.*) Stokes sued Faurecia in Jefferson Circuit Court on January 20, 2022, asserting claims of sexual harassment and unlawful retaliation in violation of the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. §§ 344.040, 344.280. (*Id.*; *see* D.N. 1, PageID.1) She

seeks compensatory damages for past and future lost wages and benefits as well as for "emotional distress, mental anguish, humiliation and embarrassment." (D.N. 1-1, PageID.13)  She also seeks punitive damages, attorney fees, and costs and expenses.  (*Id.*)  Stokes expressly pleads in her complaint, however, that "the amount in controversy exceeds the jurisdictional minimum" of Jefferson Circuit Court "but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." (*Id.*, PageID.12)

Faurecia timely removed Stokes's case to this Court on February 23, 2022, invoking the Court's diversity jurisdiction.  (D.N. 1)  Faurecia asserted in its notice of removal that the parties are completely diverse and that the amount in controversy "clearly" exceeds $75,000.  (*Id.*, PageID.2–3)  In support of the latter contention, Faurecia attached a declaration to its notice of removal stating that Stokes earned an annual salary of $49,400 during her time at Faurecia, meaning that the lost wages to which she would potentially be entitled by the time this case is tried would "*alone* clearly exceed the jurisdictional [amount-in-controversy] threshold."[1]  (*Id.*, PageID.3–4; *see* D.N. 1-3)  Faurecia further noted that Stokes "also seeks damages for emotional distress, embarrassment, and mental anguish" along with attorney fees, all of which are recoverable under the KCRA.  (D.N. 1, PageID.4)

---

[1] According to this declaration, which was provided by the director of risk management of Faurecia's corporate parent, Stokes "made $23.75 per hour, or an annualized salary of $49,400.00 during her employment with Faurecia." (D.N. 1-3, PageID.37)  Stokes was terminated by Faurecia in November 2020.  (D.N. 1-1, PageID.12; D.N. 1-2, PageID.31)  And as Faurecia explains in its notice of removal, "[e]ven assuming this case can quickly proceed to trial" by July 2023, or one-and-a-half years after its commencement, Stokes will at that time "be seeking approximately two years of back-pay, or about $98,800.00" (D.N. 1, PageID.3–4).  *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479–80 (6th Cir. 2014) (noting that the "actual damages" to which a plaintiff bringing a successful KCRA claim is entitled include "back pay" and confirming that such back pay can "appropriately include[] accruals through the projected trial date").

Stokes filed a motion to remand, attached to which is a stipulation declaring that she "will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of past and future lost wages and benefits; compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment; punitive damages; costs; attorney's fees; and the fair market value of any injunctive relief." (D.N. 7-1, PageID.51–52; *see* D.N. 7)  This stipulation, according to Stokes, is "unequivocal and binding on [her]" and "expressly forecloses any possibility of [her] receiving or accepting damages in excess of $75,000" were she to prevail in this matter. (D.N. 7-1, PageID.52)  Based on her post-removal stipulation and similar "stipulation" in her state-court complaint, Stokes argues that the Court lacks subject-matter jurisdiction over this case and must therefore remand it. (D.N. 7, PageID.49)  In response, Faurecia states that it "does not oppose remand so long as [Stokes] remains bound to [her amount-in-controversy] stipulation." (D.N. 8, PageID.55)

## II.

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  As is relevant here, federal courts have original subject-matter jurisdiction over civil actions "between . . . citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* § 1332(a)(1).  Stokes and Faurecia do not dispute that they are completely diverse. (*See* D.N. 1, PageID.2)  Stokes, however, contends that the amount-in-controversy requirement is not satisfied because she expressly pleaded in her state-court complaint that the amount in controversy "is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief" and because she has stipulated post-removal that she "will neither seek nor accept any amount equal to or greater than [$75,000]." (D.N. 1-1, PageID.12;

D.N. 7-1, PageID.51; *see* D.N. 7, PageID.49)   As explained below, neither of these attempts to limit the amount in controversy is effective.

**A.       Initial Pleading and Notice of Removal**

Federal law provides that "[i]f removal . . . is sought on the basis of [diversity] jurisdiction[,] . . . the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  But the amount in controversy can instead be "assert[ed]" by the defendant in a notice of removal if the initial pleading "seeks . . . a money judgment" and "State practice either" (1) "does not permit demand for a specific sum" in pleadings or (2) "permits recovery of damages in excess of the amount demanded" in the plaintiff's complaint.  § 1446(c)(2)(A)(ii).  Kentucky's Rules of Civil Procedure both bar plaintiffs from demanding a specific damages amount in a complaint and permit plaintiffs to recover more damages than they initially sought.  *See* Ky. R. Civ. P. 8.01(2) (providing that "the prayer for damages in any pleading shall not recite any sum as alleged damages"); Ky. R. Civ. P. 54.03(2) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.").  Given this "State practice," Faurecia was permitted under § 1446(c)(2)(A) to assert in its notice of removal that "[t]he amount in controversy sought in this dispute exceeds $75,000 exclusive of interest and/or costs."  (D.N. 1, PageID.2)  And Stokes's "attempt to limit h[er] monetary recovery through reference to a damages cap" in her state-court complaint "was improper under Kentucky rules and did not create the barrier to" federal subject-matter jurisdiction that she may have "envisioned." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019); *see Cook v. Estate of Moore*, No. 3:12-cv-485-H, 2012 WL 5398064, at *1 (W.D. Ky. Nov. 2, 2012) ("[U]nder Kentucky law, a statement in a complaint declaring that the plaintiff is seeking less than $75,000

is insufficient to affirmatively establish that the amount in controversy requirement for diversity jurisdiction cannot be met.").

Federal law further provides that "removal of [an] action is proper on the basis of an amount in controversy" asserted in a defendant's notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the $75,000 threshold for diversity jurisdiction. 28 U.S.C. § 1446(c)(2)(B). But "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). Here, Stokes does not suggest that Faurecia was mistaken in asserting that "based on [Stokes's] Complaint and extant law," she would be entitled to recover more than $75,000 "were [she] to succeed at trial." (D.N. 1, PageID.5; *see* D.N. 7) Nor does the Court "question[]" that assertion, *Dart Cherokee*, 574 U.S. at 87, given the evidence and reasoning as to the amount in controversy included in Faurecia's notice of removal. (*See* D.N. 1, PageID.2–5) Thus, because Faurecia adequately established that the amount in controversy exceeded the jurisdictional threshold, the Court can easily conclude that it had subject-matter jurisdiction over this case at the time of removal. *See* 28 U.S.C. § 1446(c)(2)(B); *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) ("Jurisdiction is evaluated at the time of removal.").

**B.     Post-Removal Stipulation**

Notwithstanding the analysis above, Stokes contends that because her post-removal stipulation "expressly forecloses any possibility of [her] receiving or accepting damages in excess of $75,000," the Court now lacks subject-matter jurisdiction, which in turn requires remand. (D.N. 7-1, PageID.52; *see* D.N. 7) But it has long been settled that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below" the jurisdictional threshold

5

"do not oust [subject-matter] jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289–90 (1938). And "consistent with" this general principle, the Sixth Circuit held in *Rogers v. Wal-Mart Stores, Inc.* that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit" has "no effect" on a district court's subject-matter jurisdiction and thus "does not require remand to state court." 230 F.3d 868, 872–73 (6th Cir. 2000); *see id.* ("We conclude that post-removal stipulations do not create an exception to the rule articulated in *St. Paul*."). The defendant in *Rogers* had removed the plaintiff's case to federal court after "show[ing] that, at the time of removal, the amount in controversy was 'more likely than not' above the $75,000 pleaded in [the] plaintiff's complaint."[2] *Id.* at 872. Yet the plaintiff, like Stokes here, argued that remand was necessary in part because she had stipulated post-removal "that her damages were under the required amount in controversy for diversity jurisdiction." *Id.* at 871. The *Rogers* court explained that "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust [a district court's] jurisdiction." *Id.* at 872. And it concluded that a post-removal stipulation purporting to cap recoverable damages below the jurisdictional threshold was no different. *See id.* ("[T]he interests of simplicity and uniformity dictate that post-removal stipulations be treated just like any other post-removal event.").

---

[2] Like Stokes, the plaintiff in *Rogers* "allege[ed] an amount in controversy below the jurisdictional amount" in her state-court complaint. *Rogers*, 230 F.3d at 871. Yet Tennessee's procedural rules, like Kentucky's, allowed a plaintiff to "seek and recover damages exceeding the amount prayed for." *Id.* The *Rogers* court thus explained that "[i]n such situations," a case could still be removed to federal court notwithstanding the plaintiff's amount-in-controversy allegations if the "removing defendant" could show "that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Id.* At the time *Rogers* was decided, this preponderance-of-the-evidence standard was grounded in case law, *see id.* (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)); it has since been incorporated into the removal statute. *See* 28 U.S.C. § 1446(c)(2).

Nevertheless, this Court has at times recognized an exception to *Rogers*'s bar on post-removal stipulations by concluding that a plaintiff can destroy diversity jurisdiction and consequently necessitate remand via an "unequivocal" post-removal stipulation that "provides specific information about the amount in controversy for the first time."[3] *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). Under this exception, the stipulation is treated as a permissible "*clarification*" of the amount in controversy rather than a "change" that would otherwise be precluded by *Rogers*. *Id.*; *see, e.g.*, *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-cv-244-CRS, 2018 WL 6728571, at *2–*3 (W.D. Ky. Dec. 21, 2018) (stating that "while a plaintiff may not *reduce or change*" the amount in controversy post-removal, "they may *clarify* the amount at issue" via an "unequivocal" post-removal stipulation). As explained below, however, the Court concludes that the exception adopted in *Egan* cannot be reconciled with *Rogers*.

In *Egan*, the Court addressed whether a plaintiff seeking remand "may *clarify*" that the amount in controversy is "less than the federal jurisdictional amount" via a post-removal stipulation, particularly where, as in Kentucky, state procedural rules "prohibit[] a precise [amount-in-controversy] allegation in the original [state-court] complaint." *Egan*, 237 F. Supp. 2d at 776. The Court acknowledged *Rogers*'s holding regarding post-removal stipulations but

---

[3] *See, e.g.*, *Robinson v. Metz Culinary Mgmt., Inc.*, No. 3:21-cv-762-BJB, 2022 WL 1782604, at *2 (W.D. Ky. June 1, 2022); *Offutt v. Kemper Corp.*, No. 3:18-cv-438-RGJ, 2019 WL 1427558, at *4–*5 (W.D. Ky. Mar. 29, 2019); *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-cv-244-CRS, 2018 WL 6728571, at *2–*5 (W.D. Ky. Dec. 21, 2018); *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781–82 (W.D. Ky. 2013); *see also Shupe*, 566 F. App'x at 481 (stating that "[a] plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy for the first time'" (quoting *Egan*, 237 F. Supp. 2d at 778)). *But see Camreta v. Greene*, 563 U.S. 692, 709 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *Sun Life Assurance Co. of Can. v. Jackson*, 877 F.3d 698, 702 (6th Cir. 2017) ("Unpublished decisions of [the Sixth Circuit] in any event are non-precedential and bind only the parties to those cases.").

nonetheless determined that "[*Rogers*'s] principles and logic d[id] not apply" to the case at hand. *Id.* at 777.  The Court's reluctance to apply *Rogers* arose from two concerns.  It first noted that "[t]o hold that [the plaintiff's] claim could be transformed into a matter for the federal courts any time a diverse [d]efendant proved the possibility that [the plaintiff] might recover more than $75,000 would automatically transform most Kentucky state law claims into questions for federal courts." *Id.*  And "[s]uch a rule," according to the Court, "would run directly counter to the overarching principle that federal courts are courts of limited subject matter jurisdiction" and the related principle that federal courts "are to construe removal petitions in a manner that resolves all doubts against removal." *Id.* (internal citation omitted).  The Court was also concerned about fairness: Because Kentucky's pleading rules do not permit a plaintiff to specify the amount of damages sought in a complaint, *see* Ky. R. Civ. P. 8.01(b), absent a post-removal stipulation that clarifies the amount in controversy, a plaintiff "has no other way of keeping her claim—should she choose to seek less than the federal jurisdictional amount—in state court." *Egan*, 237 F. Supp. 2d at 777.  Given these concerns, the Court concluded in *Egan* that "where a plaintiff provides specific information about the amount in controversy for the first time" via a post-removal stipulation, such a stipulation "should be deemed a *clarification* rather than a change." *Id.* at 778; *see id.* (asserting that this classification was "consistent with the position adopted by the Sixth Circuit [in *Rogers*] prohibiting reductions or changes from claims in the[] initial complaint").  The Court added a caveat that "only an unequivocal statement and stipulation limiting damages" would be effective.[4]  *Id.*

---

[4] In *Egan*, the Court ultimately denied the plaintiff's motion to remand because her post-removal stipulation concerning the amount in controversy did not "limit[] the amount of a potential judgment" and thus was deemed "less than unequivocal." *Egan*, 237 F. Supp. 2d at 778.

Since *Egan*, the Court has had ample occasion to consider what constitutes an adequate post-removal stipulation under the exception formulated in that case, with uneven results.  As an initial matter, it is difficult to discern what renders a post-removal stipulation sufficiently "unequivocal."  *See Egan*, 237 F. Supp. 2d at 778.  The Court declared in *Egan* that a plaintiff cannot "merely say that [he or she] will not accept money in excess of a certain amount" because such a statement "limits neither the judgment nor the demand [for damages]."[5]  *Id.*; *see id.* at 775, 778 (rejecting as "less than unequivocal" a post-removal stipulation that the plaintiff "w[ould] accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount"); *see also Shupe*, 566 F. App'x at 481–82 (affirming that a post-removal stipulation that the plaintiff "ha[d] never demanded, claimed, requested or otherwise indicated in any way to any person that [she] s[ought] or desire[d] more than $75,000" was not unequivocal because such language was "backward looking" and was thus not an "actual limit on the potential judgment [the plaintiff] would receive").  In subsequent cases, the Court has "repeatedly" given effect to post-removal stipulations stating that the plaintiff will "neither '*seek nor accept*' an amount which exceeds $75,000."  *Jenkins*, 2018 WL 6728571, at *4 (emphasis added) (collecting cases); *see Robinson v. Metz Culinary Mgmt., Inc.*, No. 3:21-cv-762-BJB, 2022 WL 1782604, at *2 (W.D. Ky. June 1, 2022) ("Robinson's stipulation that he would neither seek [n]or accept damages above $75,000 is also unequivocal."); *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013) (deeming sufficiently unequivocal a plaintiff's stipulation that "he

---

[5] The Court in *Egan* emphasized that "limit[ing] the amount of a potential judgment" was "essential" to any effective post-removal stipulation.  *Egan*, 237 F. Supp. 2d at 778.  But it is unclear how such a self-imposed limitation on damages would comport with Kentucky's procedural rules upon remand.  *See* Ky. R. Civ. P. 54.03(2) ("Except as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.").

will neither seek nor accept money in excess of the jurisdictional amount"); *see also Van Etten v. Boston Sci. Corp.*, No. 3:09-cv-442-H, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009) (concluding the same about a stipulation that the plaintiff "will not be making a claim nor pursuing damages in [an] amount equal to or exceeding the sum of $75,000.00").   Yet the Court has also concluded that "[t]he addition of the word 'seek'" to a post-removal stipulation "does nothing to rectify [its] equivocal nature."  *Proctor v. Swiftly Oil Co., Inc.*, No. 3:12-cv-490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) (rejecting as insufficiently unequivocal a stipulation that the plaintiff "will not seek or accept an award of damages in excess of $74,999.00").

*Egan*'s requirement that a post-removal stipulation "provide[] specific information about the amount in controversy *for the first time*," 237 F. Supp. 2d at 778 (emphasis added), has also received inconsistent treatment.  In at least one case, the Court has concluded that allegations in a state-court complaint purporting to cap damages below the federal jurisdictional threshold renders a post-removal stipulation ineffective.  *See Blocker v. PPG Indus., Inc.*, No. 3:17-cv-29-DJH, 2017 WL 3431136, at *2 (W.D. Ky. Aug. 9, 2017) (concluding that a post-removal stipulation made under such circumstances was "not the first statement of the amount in controversy" and thus was not a permissible "clarification").   Yet it has concluded in other cases that because allegations "discuss[ing] the amount in controversy" can be "disregarded under [Kentucky's] pleading rules," such allegations "do[] not prevent the filing of a subsequent stipulation to clarify the amount in controversy."  *Jenkins*, 2018 WL 6728571, at *4; *see Cook v. Estate of Moore*, No. 3:12-cv-485-H, 2012 WL 5398064, at *1 (W.D. Ky. Nov. 2, 2012).   And in two recent cases, the Court has suggested that for a post-removal stipulation to be effective, it must at least be consistent with any allegations in a state-court complaint that attempt to limit the plaintiff's damages.  *See Perkins v. Manpower Grp. Talent Sols., LLC*, No. 3:21-cv-717-CRS, 2022 WL 1084747, at *3 (W.D. Ky.

10

Apr. 11, 2022) (noting that "though [the plaintiff's] post-removal stipulation [wa]s not his first specific statement of the alleged damages, it [wa]s identical to the first statement in the complaint" and was thus a permissible "clarification"); *Offutt v. Kemper Corp.*, No. 3:18-cv-438-RGJ, 2019 WL 1427558, at *4–*5 (W.D. Ky. Mar. 29, 2019) (concluding that "language" in a state-court complaint "limiting the amount in controversy to less than $75,000" did not "bar [the plaintiff] from making a post-removal stipulation to . . . *re-assert* that she will not seek or accept an award greater than that amount" (emphasis added)).

Against this backdrop, the Court finds *Egan*'s reasoning untenable. First, the Court's concern in *Egan* that denying effect to post-removal stipulations would cause federal courts to be inundated with state-law claims was addressed—and quickly dismissed—in *Rogers*. In response to the argument that disregarding "the amount prayed for in a [state-court] complaint" would "'open the floodgates' to federal jurisdiction over any case filed in state court," the *Rogers* court noted that such a concern "ha[d] long been settled by cases" that had "establish[ed] tests for determining when a court may find jurisdiction despite a pleading that states an amount [in controversy] below" the jurisdictional threshold. *Rogers*, 230 F.3d at 872 n.1 (citing a Sixth Circuit case establishing that "the removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement"). Moreover, since *Egan*, the removal statute has been amended to provide that when a plaintiff is barred by state procedural rules from "demand[ing] . . . a specific sum" in a complaint, a defendant can remove a case only if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446(c)(2). Thus, the apprehension in *Egan* that a plaintiff's state-law claims could be "transformed into a matter for the federal courts any time a diverse [d]efendant prove[s] the possibility that [the] [p]laintiff might recover more than

$75,000," 237 F. Supp. 2d at 777, is mitigated by the fact that such a possibility must be established by a preponderance of the evidence.  *See* 28 U.S.C. § 1446(c)(2).

Nor does *Egan*'s fairness rationale withstand closer scrutiny.  *See* 237 F. Supp. 2d at 777. It is true, as the Court observed in *Egan*, that Kentucky's procedural rules prevent plaintiffs from avoiding federal jurisdiction by "resort[ing] to the expedient of suing for less than the jurisdictional amount."  *Egan*, 237 F. Supp. 2d at 777 (quoting *St. Paul*, 303 U.S. at 294); *see* Ky. R. Civ. P. 8.01(2).  But the *Rogers* court thought it would be similarly unfair to allow plaintiffs to "defeat [federal] jurisdiction by way of a post-removal stipulation . . . merely because their federal case begins to look unfavorable."  *Rogers*, 230 F.3d at 872.  And in any event, *Egan*'s sensitivity to a plaintiff's desire to "keep[] her claim . . . in state court," *id.*, cannot overcome the plain text of the removal statute, which expressly permits removal in states that bar plaintiffs from pleading a specific damages amount so long as the defendant establishes by a preponderance of the evidence that the amount-in-controversy requirement is satisfied.  *See* 28 U.S.C. § 1446(c)(2).

Finally, the Court's requirement in *Egan* that post-removal stipulations be "unequivocal," 237 F. Supp. 2d at 778, does not save the exception.  Indeed, the *Rogers* court expressly addressed and rejected the argument that a "binding" stipulation regarding a plaintiff's damages should be treated differently than any other post-removal stipulation.  *See* 230 F.3d at 873 ("[T]he reasoning that leads us to deny effect to post-removal stipulations generally, also leads us to deny effect to post-removal stipulations that are binding.").

In sum, the *Egan* exception is not justified by its concerns for judicial economy and fairness.  *See* 237 F. Supp. 2d at 777.  The exception likewise finds no support in the text of the removal statute.  *See* 28 U.S.C. § 1446(c)(2)(B) (providing only that "removal . . . is proper on the basis of an amount in controversy asserted" in a notice of removal so long as "the district court

12

finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional amount). Nor can it be reconciled with the express holding of *Rogers*, which remains binding on the Court. *See Rogers*, 230 F.3d at 872 ("[W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."); *see also Bright v. Gallia Cty.*, 753 F.3d 639, 654–55 (6th Cir. 2014) (underscoring that Sixth Circuit decisions are "binding precedent in this circuit and can be overturned only by a decision of the en banc court or the United States Supreme Court"). The Court must therefore disregard the post-removal stipulation concerning the amount in controversy here, and it will do the same in future cases, consistent with *Rogers*.[6] And because the stipulation "has no effect" on the Court's subject-matter jurisdiction over this otherwise properly removed case, Stokes's motion for remand must be denied.[7] *Rogers*, 230 F.3d at 873.

---

[6] The undersigned is not the first to decline to follow *Egan*, either explicitly or implicitly. *See, e.g.*, *Johnson v. Fifth Third Bank, Inc.*, 476 B.R. 493, 497 (W.D. Ky. 2012) (noting, without mention of *Egan*, that "where a state's rules of civil procedure permit a plaintiff to recover an amount in excess of what he has pled, a plaintiff's stipulation that his damages do not exceed $75,000 may be disregarded" (citing *Rogers*, 230 F.3d at 871)); *O'Neil v. Primmel*, No. 11-63-ART, 2011 WL 3651052, at *3 (E.D. Ky. Aug. 18, 2011) (declining to consider post-removal stipulations based on *Rogers*, without discussion of *Egan*); *JSC Terminal, LLC v. Farris*, No. 5:10-cv-40-R, 2010 WL 1904002, at *2 (W.D. Ky. May 11, 2010) (quoting *Rogers* for the proposition that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court" without mentioning *Egan*); *Driscoll v. Wal-mart Stores E., Inc.* No. 2:09-cv-154, 2009 WL 4730709, at *3 (S.D. Ohio Dec. 10, 2009) (expressly declining to apply *Egan* in light of "binding precedent from the [Sixth Circuit]," namely *Rogers*, "regarding the effect of post-removal stipulations"); *Conder v. Best Value Inc.*, No. 3:08-cv-411-M, 2008 WL 4601915, at *2 (W.D. Ky. Oct. 15, 2008) (rejecting the plaintiff's offer to stipulate post-removal that "the amount in controversy is less than the jurisdictional minimum," noting that "[a]lthough a few district courts have accepted such binding stipulations, the Sixth Circuit has explicitly rejected the practice" (citing *Rogers*, 230 F.3d at 872–73)); *Ketrey v. K. Petroleum, Inc.*, No. 6:07-168-DCR, 2007 WL 2068597, at *3 (E.D. Ky. July 16, 2007) ("As a general rule, a plaintiff cannot defeat federal jurisdiction simply by agreeing to seek no more than $75,000.00 . . . *after* the action has been removed to federal court." (citing *Rogers*, 230 F.3d at 872)).

[7] That Faurecia does not oppose Stokes's motion for remand does not alter the Court's conclusion. (*See* D.N. 8, PageID.55) First, Faurecia's lack of opposition is conditioned on Stokes remaining

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Stokes's motion to remand (D.N. 7) is **DENIED**.

August 25, 2022

David J. Hale, Judge
United States District Court

---

"bound" to a damages stipulation that the Court has concluded is ineffective. (*Id.*) And Faurecia's confidence that Stokes will adhere to her stipulation following remand may be misplaced. *See* Order, *Atak v. Dawn Food Prods. Inc.*, No. 3:19-cv-610-DJH-CHL (W.D. Ky. Sept. 8, 2020), ECF No. 21 (case remanded based on post-removal stipulation was removed a *second* time after plaintiff demanded $335,000 on remand). Second, regardless of Faurecia's position, the parties have not identified a procedural or jurisdictional defect that justifies remand. *See* 28 U.S.C. § 1447(c); *Arbor Plastic Techs., LLC v. Spartech, LLC*, No. 21-11194, 2021 WL 4810500, at *2 (E.D. Mich. Oct. 15, 2021) (denying remand because "the motion, on its face, d[id] not present proper grounds for remand as a matter of law even though [it was] unopposed").

14